**Fred D. BERRY, Appellant,**

**v.**

**PEOPLE OF the STATE OF CALIFORNIA, Appellee.**

**No. 20569.**

United States Court of Appeals
Ninth Circuit.

July 22, 1966.

Fred D. Berry, Los Padres, Cal., in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Howard J. Bechefsky, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and McNICHOLS, District Judge.

PER CURIAM:

Applicant, a State prisoner, applied to the district court in propria persona and forma pauperis for a writ of habeas corpus. This was denied without hearing. The record discloses petitioner's previous application to the Supreme Court of the State of California for a writ of habeas corpus was denied by that court en banc without a hearing.

Without in any way telling the district court (or this court) what the basis for his petition to the California Supreme Court was, or what his legal position was then, or is now, appellant states in general conclusionary terms that his petition for a writ of habeas corpus was denied by the California Supreme Court "dehor (sic) the record of the criminal proceedings"; although it alleged "violation of 'due process of law' and arrest and imprisonment 'without probable cause.'"

Appellant claims "the record is self explanatory." It is. It clearly establishes that appellant has supplied neither to this court, nor to the district court, any *fact* or *facts* upon which he could infer or claim, far less establish, a denial of a constitutional right in his trial and conviction.

It is probably for that reason the district court judge believed the appellant was seeking to obtain records that would substantiate his conclusions. (Tr. 42.) But appellant assures us he wants no such records; that such point was never raised by him below.

On the record before us we can only affirm the denial of the writ of habeas corpus. No *facts* are cited upon which such a writ, or any writ, could issue. Snowden v. Hughes, 321 U.S. 1, 10, 64 S.Ct. 397, 88 L.Ed. 497 (1943); Schlette v. People of State of California, 284 F.2d 827, 834 (9th Cir. 1960); Muhlenbroich v. Heinze, 281 F.2d 881, 883 (9th Cir. 1960); Hoffman v. Halden, 268 F.2d 280, 294 (9th Cir. 1959); Soewapadji v. Wixon, 157 F.2d 289 (9th Cir. 1946).

Appellant makes vague references, unintelligible on the record before us, to an alleged dismissal of some civil rights complaint filed by him. That error, if it was one, is not, and cannot, be before us on this appeal.

Affirmed.