[Crim. No. 3126.   Fourth Dist., Div. Two.   June 17, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. JOE GARZA MORALES, Defendant and Appellant.

Ralph I. Callen, under appointment by the Court of Appeal for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and Gary J. Freedman, Deputy Attorneys General, for Plaintiff and Respondent.

KERRIGAN, J.—Convicted by jury of receiving stolen goods (Pen. Code, § 496), grand theft (Pen. Code, §§ 484-487), and second degree burglary (Pen. Code, § 459), and sentenced to state prison on each count, with the sentences ordered to run concurrently, defendant appeals.

Boys' clothing, having a retail value of $250, was stolen from a children's store in Buena Park on February 22, 1967. Shortly thereafter, defendant and a male companion were stopped by a police officer in close proximity to the shopping center where the theft had occurred. The cause for detaining defendant was totally unrelated to the theft inasmuch as the same had not yet been discovered, but was predicated on the fact that the Chevrolet station wagon being driven by defendant had no tail lights.

In the course of inspecting the car's exterior and investigating the motor vehicle violation, the officer noted a substantial quantity of clothing in the rear seat and observed that the various items were still marked with original sales tags. He surmised that the garments might have been stolen and inquired whether the suspects had a receipt. When they replied in the negative, both were advised as to their constitutional rights, indicated they clearly understood such rights, and stated they were willing to discuss the clothing with the officer.

Defendant's companion claimed that the defendant purchased the apparel from one "Norwood" a short time earlier in the Mall. Defendant stated that he and his companion "chipped in" and purchased the clothing from "Norwood" for $48 in the parking lot of the Mall. Both men were then placed under arrest for suspicion of receiving stolen property.

Inasmuch as the clothing which was stolen from the children's store was the same merchandise that was discovered in the car in which defendant was riding at the time of his detention and arrest, the three charges arose out of the same transaction. The court instructed the jury that each count contained in the information charged a separate and distinct offense, and that the defendant could be convicted or acquitted of any or all of the offenses. (CALJIC 112.)

During deliberations, the jury requested clarification of the instructions and inquired whether an accused could be found guilty of grand theft and burglary and also be found guilty of receiving stolen property. The court advised the jury, in effect, that the jury could find the defendant guilty of each of the three offenses, or could acquit him as to each of the three counts, or find him guilty of any one or more of the three charges. The jury returned with a verdict finding the defendant guilty of all three crimes.

On the date set for pronouncement of judgment, the prosecutor suggested that the court sentence the defendant on one

count only and suspend sentence on the two remaining counts. However, the court imposed sentence on all three counts and ordered the sentences to run concurrently.

While several questions are presented on appeal, the only issues which will be considered concern the trial court's error in its instructions to the jury and in sentencing the defendant on each of the three counts.

■ · · Every person who enters any shop or store with intent to commit grand or petit larceny, or any felony, is guilty of burglary. (Pen. Code, § 459). The crime of burglary is complete when entry of the structure defined in the code has been completed with the accompanying intent to commit larceny or any felony; thereafter, the person thus entering may commit larceny, or any felony which he intended to commit when entering, or he may change his purpose and commit another felony and be amenable to prosecution for both burglary or larceny or the other felony thus committed; in such case, he has committed two crimes and may be convicted of both offenses. (*People* v. *Devlin*, 143 Cal. 128, 129-130 [76 P. 900].)

■ However, the actual thief cannot receive from himself the fruits of his larceny and, consequently, in an information charging burglary in one count and receiving stolen property in another, there can be no lawful adjudication of guilt of the crime of receiving stolen property, .where the evidence discloses that the property described in each count is the identical property taken by the accused in the burglary. (*People* v. *Taylor*, 4 Cal.App.2d 214, 219 [40 P.2d 870].) ■ While burglary and receiving stolen property may be charged in separate counts, the jury must be given an instruction to the effect that they may not find the accused guilty of receiving from himself property stolen by him during the commission of the same burglary. (*People* v. *Taylor, supra,* 4 Cal.App.2d 214, 219.)

■ Moreover, it is error to impose sentences for both burglary and grand theft for the taking of merchandise from inside a building or shop. (*People* v. *McFarland,* 58 Cal.2d 748, 760 [26 Cal.Rptr. 473].) ■ An act or omission which is made punishable in different ways by different provisions of the Penal Code may be punished under either of such provisions, but in no case can it be punished under more than one. (Pen. Code, § 654.) ■ The prohibition against double punishment applies not only where the "one act" is involved, but also where there is a "course of conduct" which violates more than one statute and comprises an indivisible transaction punishable under more than one statute within the mean-

ing of section 654 of the Penal Code. (*Neal* v. *State of California*, 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839].) ▋ Consequently, where a defendant is found guilty of both burglary and grand theft with respect to the taking of merchandise from a retail outlet, he may be punished for either offense, but not for both, under the circumstances presented herein. (*People* v. *McFarland, supra,* p. 762.)

The Attorney General argues that section 654 of the Penal Code proscribes double punishment but not double conviction and, therefore, the procedure to be followed on appeal where double punishment has been erroneously imposed would be to reverse the judgment of conviction of receiving stolen property because it is a lesser offense than burglary. (See *People* v. *Marquez,* 237 Cal.App.2d 627, 634 [47 Cal.Rptr. 166].) The prosecution further urges that inasmuch as grand theft is a lesser offense than second degree burglary, the judgment of conviction as to the lesser act should likewise be set aside insofar as it imposes a sentence for grand theft, and the burglary conviction be affirmed, since the latter offense is the one subject to the greater punishment. (Pen. Code, §§ 461, 489; *People* v. *Giffis,* 218 Cal.App.2d 53, 62 [32 Cal.Rptr. 215]; *People* v. *McFarland, supra,* 58 Cal.2d 748, 763.) This argument has been advanced before. ▋ Even though the evidence be sufficient to support a conviction for either larceny or receiving, where the court fails to instruct the jury that a guilty verdict could be returned upon either count, but not both counts, it is impossible to know which verdict the jury would have arrived at if properly instructed. (*Milanovich* v. *United States,* 365 U.S. 551 [5 L.Ed.2d 773, 81 S.Ct. 728]. Consequently, it would be improper in the case under review merely to set aside the lesser offenses. Reversing the lesser crimes would not suffice to cure any prejudice resulting from the trial court's failure to instruct the jury properly. The only proper procedure, because of the fallible instruction, is to order a reversal of the entire judgment on all charges so as to afford the defendant the benefits of a new trial wherein the jury is properly instructed. (*Milanovich* v. *United States, supra.*)

The judgment of conviction is reversed.

McCabe, P. J., and Tamura, J., concurred.