**Nathaniel BALLARD, Jr., Appellant,**

v.

**Louis S. NELSON, Warden, Appellee.**

**No. 23664.**

United States Court of Appeals,
Ninth Circuit.

March 4, 1970.

Nathaniel Ballard, Jr., in pro. per.

Thomas C. Lynch, Atty. Gen. of California, San Francisco, Cal., for appellee.

Before KOELSCH and DUNIWAY, Circuit Judges, and SOLOMON*, District Judge

---

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

PER CURIAM:

Nathaniel Ballard, the appellant, was convicted on five counts of rape and one count of second degree robbery. He was sentenced to imprisonment for 17 years to life. In this habeas corpus proceeding against Louis S. Nelson, the warden of the California State Prison at San Quentin, Ballard sought to set aside his conviction and sentence. The district judge, without a hearing, dismissed his petition with leave to amend one contention. Ballard refused to amend. Instead, he appealed the dismissal.

We affirm.

On December 12, 1961, four Negro men attacked a man and woman in a restaurant parking lot. They robbed the man, forced the woman into their automobile, and drove away. They stopped the automobile in a deserted area, and there each of the four men raped the woman. They drove to another spot, and there one of the men again raped the woman. They then robbed the woman and pushed her from the automobile. A passing motorist called the police, who took her to a hospital.

Police officers questioned the rape victim at the hospital. She told the officers that she was attacked by four Negro men. She described the automobile, and she said that she had seen two dirty black sweaters on the floor in the back of the automobile. She discovered that she had lost an earring, and she gave the officers the matching earring.

A parking lot attendant also described the automobile.

On the following day, after receiving a tip from an unidentified informant, two police officers saw a two-tone 1953 Cadillac which they believed to be the automobile involved in the crime. The officers looked through the windows and saw two dark sweaters. They also saw an earring lying on a white shirt. The officers summoned other policemen and waited to see who claimed the automobile.

After a short time, three Negro men, one of whom was Ballard, entered the automobile. The officers arrested the men and took the sweaters and the earring. They did not have arrest or search warrants.

The officers took Ballard to the Oakland Police Department. There they interrogated him. After several hours Ballard confessed that he participated in the crime because one of the other men forced him to do it. Ballard made a similar confession to the district attorney on the following day.

Neither the interrogating police officers nor the district attorney told Ballard of his rights or gave him any warnings. In each confession, however, Ballard stated that he confessed freely and voluntarily and that no one had threatened him or made promises to him. The police officers testified that they neither threatened Ballard nor made him any promises, and that Ballard confessed freely and voluntarily.

Ballard's attorney objected to the introduction of these confessions because the police did not inform Ballard of his rights.

The judge held that the confessions were admissible, and he told the jury:

"[T]his ruling is not of any binding effect upon the jury because ultimately, and at the proper time the jurors will be instructed that they, the jurors, are to be the exclusive judges, not only as to whether an admission was made by the defendant, that is within this particular statement or upon the Dictabelt * * *. [F]urther the jury will be advised that they must determine whether the admission, if made, was free and voluntary."

In his instructions, the judge told the jury:

"The fact that the court has admitted into evidence the asserted admission of the defendant does not bind the jury to accept the court's conclusion, and the jury, before it may take an admission into consideration, must for itself find whether or not it was voluntary admission."

Ballard's petition raises a number of questions.

(1) Did the police arrest Ballard without probable cause and obtain evidence against him by an unlawful seizure?

 We believe that on the information available to the police, they had probable cause to arrest Ballard, even without the information provided by the informant.

We also believe that the seizure of the sweaters and earring was proper because it was incident to a lawful arrest and reasonable under the circumstances. This was the standard for constitutional searches and seizures before *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). *Chimel* is not retroactive. Williams v. United States, 418 F.2d 159 (9th Cir. 1969).

(2) Did the trial judge make an independent determination that Ballard's confessions were voluntary?

The judge's instructions to the jury removed any ambiguity in the judge's first statement and show that the judge did make the constitutional determination that Ballard's confession was voluntary.

(3) Did the judge err because he did not hold a voluntariness hearing out of the presence of the jury?

Although the judge held the hearing in the presence of the jury, Ballard was not prejudiced because the judge decided that the confessions were voluntary.

(4) Were Ballard's confessions beaten out of him?

*Ballard now contends that* he confessed only because he "received a mallicious [sic] physical beating from the hands of the interrogating officers." Although Ballard took the stand at his trial, he did not testify that he was beaten. According to Ballard, his attorney advised him not to testify to the beating.

The district judge dismissed this contention because the allegation was too vague and conclusory, but granted Ballard leave to amend the contention to make it more specific.

A petitioner who alleges police brutality must state with specificity the facts on which he relies. He may not merely state generally that he was beaten into confessing. Castro v. Klinger, 373 F.2d 847 (9th Cir. 1967). We believe that the district judge correctly dismissed this contention with leave to amend.

(5) Was Ballard effectively represented by counsel?

We have examined the record, and we find that Ballard was exceptionally well represented by counsel both at the trial and on appeal.

Affirmed.