**Walter WILLIAMS, Petitioner-Appellant,**

**v.**

**Walter E. CRAVEN, Warden, California Adult Authority, Respondent-Appellee.**

**No. 71–1067.**

United States Court of Appeals,
Ninth Circuit.

May 30, 1972.

---

---

Walter Williams, in pro. per.

Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellee.

Before BARNES and ELY, Circuit Judges, and WALLACE,* District Judge.

PER CURIAM:

Williams, a California state prisoner, appeals from an order of the District

Court denying his petition for habeas corpus relief. We affirm on the ground that Williams has failed to satisfy his burden of establishing that he has exhausted state remedies in respect to the issues presented to the District Court. *See* Schiers v. California, 333 F.2d 173 (9th Cir. 1964).

█ In his petition below, Williams claimed that in the course of parole revocation proceedings he was deprived of his constitutional rights to counsel, to confrontation and cross-examination of hostile witnesses, and to production of witnesses in his own behalf. He also urged that the California Indeterminate Sentence Law was unconstitutionally applied so as to allow the increasing of his maximum sentence after the sentence had already been fixed and refixed. Subsequent to the District Court's order of denial, it appears that further allegedly unconstitutional refixing of the sentence was effected by the California Adult Authority; consequently, the last link in the chain of events giving rise to Williams' claims has not yet been presented either to state tribunals or to the District Court. We should not, and will not, consider the merits without affording to California courts the first opportunity to consider Williams' claims in light of the totality of circumstances.

[2] We note that the District Court apparently did not consider Williams' contentions concerning confrontation [1] and production of witnesses.[2] If Williams does exhaust his state remedies and return to the District Court, or if he is able to demonstrate that he has already satisfied the exhaustion requirement of 28 U.S.C. § 2254, then he may renew his petition in the District Court. At such time, in light of the complicated nature of the important constitutional issues presented by Williams,[3] we believe

---

* Honorable J. Clifford Wallace, United States District Judge, San Diego, California, sitting by designation.

1. *Cf.* Hester v. Craven, 322 F.Supp. 1256 (C.D.Cal.1971).

2. *Cf.* Bearden v. South Carolina, 443 F.2d 1090 (4th Cir. 1971).

3. The complexity and importance of these issues are indicated in recent decisions considering contentions similar or identical to those advanced by Williams. *See* Dorado v. Kerr, 454 F.2d 892 (9th Cir. 1972); Bearden v. South Carolina, 443 F.2d 1090 (4th Cir. 1971); United States ex rel. Bey v. Connecticut State Bd. of

it desirable for the District Court to appoint counsel to assist Williams in the preparation and presentation of his petition.

Affirmed.

---

Parole, 443 F.2d 1079 (2d Cir. 1971); Hester v. Craven, 322 F.Supp. 1256 (C.D. Cal.1971); In re Tucker, 5 Cal.3d 171, 95 Cal.Rptr. 761, 486 P.2d 657 (1971). *See also*, Lincoln v. California Adult Authority, 435 F.2d 133 (9th Cir. 1970).