[Crim. Nos. 7153, 7163. Third Dist. June 24, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT L. PEREZ et al., Defendants and Appellants.

## Counsel

Steven P. Belzer and Harold D. Winingar, under appointments by the Court of Appeal, for Defendants and Appellants.

Evelle J. Younger, Attorney General, and Paul E. Caprioglio, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**REGAN, J.**—Defendants Perez and Valverde were tried jointly by jury on charges of burglary (Pen. Code, § 459), count I, and receiving stolen property (Pen. Code, § 496), count II. On a defense motion at the close of the People's case, Perez was acquitted of the burglary charge by the court for insufficient evidence. The jury found defendant Perez guilty of receiving stolen property and found defendant Valverde guilty of both charges. Perez was sentenced to prison for receiving stolen property and Valverde was sentenced to separate prison terms for burglary and for receiving stolen property. Both appeal.

John Slater's apartment was burglarized on or about February 28, 1973. When Slater returned from a few days absence, he found the door to his

apartment broken and the place in complete disarray. Missing were, inter alia, a Raleigh bicycle, suitcases, a loaded seven-millimeter Mauser rifle and a box of seven-millimeter ammunition. About 7:15 p.m. on the night of the burglary, a neighbor heard knocking or pounding on Slater's door and had looked out of his apartment where he observed two men whom he described as "one white Anglo-Saxon type, and one Mexican-American." One of the men he identified at trial as defendant Valverde.

The apprehension of defendants occurred on March 1 when defendant Perez' nephew, John Lozano, phoned Perez' parole officer and informed him that Perez had stolen property in the house where Perez' sister, Hortense Lozano, resided. John Lozano had become suspicious when he saw Perez and Valverde in the house with a bicycle and luggage. Upon inquiry from John, Perez had been evasive but had finally admitted that the items were stolen. John told the parole officer on the phone that the stolen items were a bicycle and luggage and that the other person with his uncle was trying to sell some watches. Arthur Diaz, the parole officer, went with another parole officer and police officers to the residence and were admitted by John Lozano. Defendant Perez was located in the bedroom and placed in custody. On the way to the bedroom the officers passed through the kitchen where they saw defendant Valverde, a bicycle and luggage. He was placed in custody shortly thereafter. The search revealed no watches, but search of Valverde disclosed on his person a round of seven-millimeter ammunition later determined to be from the stolen Mauser rifle. Both defendants were on parole when searched. Perez admitted to the officers that the bicycle and luggage did not belong to him. Upon opening one of the suitcases, clothing and some papers belonging to John Slater were found. This led to Slater's apartment and discovery that the property had been stolen from there.

The defense consisted of denial and alibi. Perez denied complicity in either crime, claiming the property was already in the house when he arrived there early in the morning on March 1. Valverde claimed he had been in San Francisco with a relative and did not arrive in Sacramento until 10 or 10:30 p.m. on February 28. Therefore, Slater's neighbor could not have seen him knocking on Slater's door earlier that evening. He claimed he could not bring forward his alibi witness because he did not want her to know he was in jail. He explained that he had purchased the coat from a stranger on the street, implying that the cartridge was in the pocket at the time of the purchase. He explained that his presence at the house was the result of an all-night drinking spree with Perez which ended at the house of Perez' sister.

Each defendant contends the evidence was insufficient to convict him of receiving stolen property.

The California Supreme Court has held that the test on appeal following a conviction for receiving stolen property is whether or not there is substantial evidence in the record that (a) the property was received, concealed, or. withheld by the accused; (b) such property had been obtained by theft or extortion; and (c) the accused knew that the property had been so obtained. (*People* v. *Kunkin* (1973) 9 Cal.3d 245, 249 [107 Cal. Rptr. 184, 507 P.2d 1392].) ■ Defendant Perez contends that there was no evidence that he was in either actual or constructive possession of the stolen property, or if he was, that he knew that it was stolen. He argues that mere presence near stolen property is not alone sufficient for conviction of "receiving;" nor is mere possession. (See, e.g., *People* v. *Martin* (1973) 9 Cal.3d 687, 696 [108 Cal.Rptr. 809, 511 P.2d 1161]; *People* v. *Jackson* (1970) 14 Cal.App.3d 57, 63 [92 Cal.Rptr. 91].) ■ His argument is correct; however, the law is also clear that possession of stolen property, accompanied by no explanation, or an unsatisfactory explanation, or by suspicious circumstances, will justify an inference that the goods were received with knowledge that they had been stolen. Only slight corroboration is necessary to turn the inference into a verdict supported by substantial evidence. (*People* v. *McFarland* (1962) 58 Cal.2d 748, 754-755 [26 Cal.Rptr. 473, 376 P.2d 449].) ■ Perez first told John Lozano that it was "none of his [John's] business" where the bike and suitcases came from. He later told John that he knew they were stolen. Perez lived at the house with his sister and mother and he had previously told his sister that the suitcases and bicycle belonged to a friend of his. Thus, he was present at his place of residence with goods which he admitted knowing were stolen. These factors constitute adequate corroboration that the goods were "received" by Perez with knowledge that they had been stolen. Accordingly, we shall affirm the judgment as to defendant Perez.

■ Defendant Valverde contends, without supporting argument, transcript references, or citation of authority that the stolen goods seized in the house were the fruit of an unlawful search and seizure. The contention could be deemed waived. (*People* v. *Ham* (1970) 7 Cal.App.3d 768, 783 [86 Cal.Rptr. 906]; Cal. Rules of Court, rule 15, subd. (a).) There are no legitimate grounds in this case for raising a search and seizure issue. Both defendants were on parole. The parole officer was alerted to a probable parole violation and he contacted the police to help him investigate the alleged violation. They were admitted to the house voluntarily by a lawful occupant thereof. The cases make it clear that under

the facts disclosed by the record in this case, there was no illegal search and seizure. (*People* v. *Anglin* (1971) 18 Cal.App.3d 92, 95 [95 Cal.Rptr. 588]; *People* v. *Kanos* (1971) 14 Cal.App.3d 642, 649 [92 Cal.Rptr. 614]; *People* v. *Thompson* (1967) 252 Cal.App.2d 76, 84-86 [60 Cal. Rptr. 203].)

Defendant Valverde contends his trial counsel was inadequate or incompetent, or a crucial defense was not offered because of the failure of counsel to renew his motion to suppress the evidence (for unlawful search and seizure) when trial commenced. This contention has no merit. The record discloses that at a hearing in superior court before trial, defense counsel moved to suppress evidence for unlawful search and seizure under Penal Code section 1538.5. After said hearing the motion was denied and trial commenced the next day. It is clear that there is no obligation upon defense counsel to renew a motion to suppress under circumstances such as the record discloses in this case. (*People* v. *Superior Court* (1971) 4 Cal.3d 605, 609-611 [94 Cal.Rptr. 250, 483 P.2d 1202]; *People* v. *O'Brien* (1969) 71 Cal.2d 394, 403 [78 Cal.Rptr. 202, 79 Cal. Rptr. 313, 456 P.2d 969]; Pen. Code, § 1538.5, subds. (h), (i).)

■ The information filed in this case charged defendant Valverde with a violation of Penal Code section 496 by receiving the same property which he was also charged with taking and asporting in the burglary. He was found guilty of both the burglary charge and of the charge of "receiving" in violation of Penal Code section 496. Where the information charged burglary in one count and receiving stolen property in another count, there can be no lawful adjudication of guilt of the latter crime where the evidence shows that the property "received" was some or all of the identical property taken and asported in the burglary. (*People* v. *Lohman* (1970) 6 Cal.App.3d 760, 767-768 [86 Cal.Rptr. 221], cert. den., 400 U.S. 995 [27 L.Ed.2d 444, 91 S.Ct. 469].) Accordingly, in a jury trial, such as in the instant case, the trial court must instruct the jury, *sua sponte,* to the effect that they may not find the accused guilty of receiving from himself property stolen by him during commission of the burglary. (See *People* v. *Morales* (1968) 263 Cal.App.2d 211, 214 [69 Cal.Rptr. 553].) Such an instruction (see, e.g., CALJIC No. 17.03) was not given. In fact, the trial court instructed that defendant could be convicted on "any or all of the offenses charged." This instruction was erroneous. (*Id.* at pp. 213-214.)

■ Where the defendant cannot be simultaneously guilty of both crimes, both convictions are vulnerable to reversal where the reviewing court cannot ascertain what verdict would have been returned by a properly instructed jury. (*Milanovich* v. *United States* (1961) 365 U.S. 551

[5 L.Ed.2d 773, 81 S.Ct. 728]; *People* v. *Morales, supra.*) But upon the record herein, we are inclined to the view or theory used by the court in *People* v. *Lohman, supra,* and in *People* v. *Taylor* (1935) 4 Cal.App.2d 214 [40 P.2d 870], that in some cases, when there is sufficient evidence to support the burglary conviction, we should reverse only the receiving conviction. We think this is such a case because, unlike the situation in *Morales* and *Milanovich,* we have a factor which gives us an indication that the jury would have found defendant Valverde guilty of burglary if they had been given a choice between the two offenses. This factor is the different treatment afforded by the court and jury to the two defendants in the case at bench. Defendant Perez was found guilty only of "receiving." The evidence against him as to the burglary charge was insufficient to sustain a conviction and the court ordered a judgment of acquittal pursuant to statute. (Pen. Code, § 1181, subd. 1.) As to defendant Valverde, the evidence of burglary was more convincing. Valverde was seen knocking at the door of the victim's apartment before the burglary. Perez was not identified as having been on or near the premises. The jury was made well aware of the differences in circumstantial evidence introduced against Perez and Valverde. In finding Valverde guilty of burglary, the jury necessarily made a calculated decision based on this distinction, following acquittal by the court of Perez. In our view, this is not a case where it is "impossible to know" (as in *Morales, supra,* 263 Cal.App.2d at p. 215) or where there is "no way of knowing" (as in *Milanovich, supra,* 365 U.S. at p. 555 [5 L.Ed.2d at p. 776-777]) whether the jury, if properly instructed, would have found burglary. We are satisfied it would most probably have found burglary as to Valverde in this case and this is sufficient in our view to follow the precedent of *Lohman, supra,* and *Taylor, supra,* and reverse only Valverde's conviction of receiving, leaving the burglary conviction intact.

Valverde also contends the evidence was insufficient to sustain his conviction for receiving stolen property. (Pen. Code, § 496.) We need not consider this in view of our action taken on this count.

The judgment entered as to defendant Perez is affirmed. The judgment entered as to defendant Valverde on count I is affirmed; on count II the judgment is reversed. (See *People* v. *Lohman, supra,* 6 Cal.App.3d at p. 770; *People* v. *Taylor, supra,* 4 Cal.App.2d at p. 219.)

Friedman, Acting P. J., and Good, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.