Manuel **TRUJILLO**, Petitioner,

v.

Walter T. **STONE**, Respondent.

No. C 73–2054–OJC.

United States District Court,
N. D. California.

Oct. 18, 1974.

**634**

James F. Hewitt, Federal Public Defender, Marcus S. Topel, Asst. Federal Public Defender, San Francisco, Cal., for petitioner.

Evelle J. Younger, Atty. Gen. of Cal., Jack R. Winkler, Chief Asst. Atty. Gen., Edward P. O'Brien, Asst. Atty. Gen., William D. Stein, Thomas W. Condit, Deputy Attys. Gen.. San Francisco, Cal., for respondent.

## DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS

OLIVER J. CARTER, Chief Judge.

After a jury trial in state court, petitioner was convicted of both second-degree burglary (Cal.Penal Code §§ 459, 460) and receiving stolen property (Cal. Penal Code § 496). In his petition for writ of habeas corpus, petitioner contends that the failure to give a jury instruction that he could not be convicted of both crimes was an error of constitutional proportions. In addition to contesting the merits of this claim, the state also argues that petitioner has not exhausted his state remedies.

### Exhaustion of State Remedies

Petitioner's sole contention on appeal in state court was that the failure to instruct the jury that he could be convicted of either crime, but not both crimes, was error. The California Court of Appeal agreed with his claim of error but held that a new trial was not necessary. Reasoning that there was insufficient evidence to support a conviction on the receiving stolen property charge, the Court of Appeal vacated that conviction but left the burglary conviction undisturbed. No petition for rehearing was filed, and the California Supreme Court subsequently denied a petition for hearing. The state concedes that petitioner has exhausted his state remedies with respect to the jury instruction issue.

In his petition to this Court, Trujillo raised additional claims that had not been presented to the higher California courts. The state contends that the possibility of relief on the other unexhausted claims precludes consideration of the issue for which state remedies have been exhausted.

However, petitioner's claim that evidence introduced at his trial was the product of an unconstitutional search and seizure would not be cognizable in a habeas petition in the California courts. In re Sterling, 63 Cal.2d 486, 47 Cal. Rptr. 205, 407 P.2d 5 (1965). Therefore he has no state remedies presently available with respect to this claim. Humphrey v. Cady, 405 U.S. 504, 516, 92 S. Ct. 1518, 31 L.Ed.2d 802 (1972). His claims of ineffective trial and appellate counsel can still be presented in a state habeas petition. See, e. g., People v. Jackson, 10 Cal.3d 265, 268, 110 Cal. Rptr. 142, 514 P.2d 1222 (1973); In re Banks, 4 Cal.2d 337, 93 Cal.Rptr. 591 (1971).

The state relies on Drury v. Cox, 457 F.2d 764 (9th Cir. 1972) and Davidson v. Klinger, 411 F.2d 746 (9th Cir. 1969) to defeat petitioner, but such reliance is misplaced. These two cases stand for the proposition that federal habeas is normally a premature remedy when state trial or appellate proceedings are pending. No such proceedings are pending in this case. Furthermore, assuming arguendo that the same principles would apply if there were a state post-conviction or collateral review proceeding pending, no such proceedings are currently pending.

The state's claim should more precisely be based on a general claim that "piecemeal" review of state criminal convictions should be avoided and that state prisoners should be required to exhaust all remedies on all claims before applying for federal habeas corpus. The

leading proponent of this view is the Fifth Circuit, and even within that Circuit there is a division of opinion without any clearcut rule of decision. Harris v. Estelle, 487 F.2d 1293, 1296–1297 (5th Cir. 1974). However, other Circuits have definitely rejected this approach and have held that exhausted claims must be decided on their merits unless the unexhausted claims are so connected to them that the exhausted claims cannot be considered as separate issues. Tyler v. Swenson, 483 F.2d 611, 614–615 (8th Cir. 1973); U. S. ex. rel. Levy v. McMann, 394 F.2d 402 (2d Cir. 1968); Hewitt v. State of North Carolina, 415 F.2d 1316, 1320 (4th Cir. 1969).

While not ruling directly on this problem the Ninth Circuit implicitly accepts the propriety of ruling on claims for which state remedies have been exhausted despite the availability of state remedies for other claims. See, e. g., Smith v. Cupp, 457 F.2d 1098 (9th Cir.), cert. den. 409 U.S. 880, 93 S.Ct. 208, 34 L. Ed.2d 135 (1972); Phillips v. Pitchess, 451 F.2d 913 (9th Cir. 1971), cert. den. 409 U.S. 854, 93 S.Ct. 187, 34 L.Ed.2d 97 (1972).

The state relies on Williams v. Craven, 460 F.2d 1253 (9th Cir. 1972), but that case involves a situation where the unexhausted claims were so intertwined with the exhausted claims that the federal court would have been required to rule on an issue that had essentially been presented to the state courts in a completely different form. *Williams* explicitly relied on that principle as developed in Schiers v. People, 333 F.2d 173 (9th Cir. 1964). This rule is not inconsistent with that of the Second, Fourth, and Eighth Circuits.

■ In the present case, since the jury instruction issue is not connected with the search and seizure issue or the ineffective counsel issues (which refer to trial counsel's handling of the search and seizure issue and appellate counsel's position on sufficiency of the evidence on the burglary charge), this Court can appropriately examine the jury instruction issue.

*Merits of the Case*

■■ As a matter of statutory interpretation in California, a person found guilty of burglary cannot, with exceptions not applicable here, also be convicted of receiving the property stolen by him during the commission of the burglary. Therefore, a person charged with both crimes is entitled to an instruction to the jury that he may be convicted of one or the other of the crimes, but not both. People v. Morales, 263 Cal.App.2d 211, 69 Cal.Rptr. 553 (1968). In similar situations, other jurisdictions agree that the jury must be instructed that a conviction, if any, can only be on one or the other of two charges. Shepp v. State, 484 P.2d 563 (Nev.1971); Commonwealth v. Carson, 349 Mass. 430, 208 N.E.2d 792, 795 (Mass.1965); State v. Koton, 202 S.E. 2d 823, 827–828 (W.Va.1974). In the federal system, failure to instruct the jury in such a situation would be "plain error". Milanovich v. U. S., 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961); U. S. v. O'Neil, 436 F.2d 571 (9th Cir. 1970); U. S. v. Abercrombie, 480 F.2d 961, 964–965 (5th Cir.), cert. den. 414 U.S. 1008, 94 S.Ct. 368, 38 L.Ed.2d 245 (1973).

■ However, while failure to give such an instruction may be error in every jurisdiction, mere agreement between the policies of various jurisdictions does not mean the error is of constitutional proportions. Federal habeas corpus will not grant relief unless the failure to give the instruction was so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment. Cupp v. Naughten, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); Stump v. Bennett, 398 F.2d 111 (8th Cir. 1968), cert. den. 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466 (1968); Shaffer v. Field, 339 F. Supp. 997, 1004–1005 (C.D.Cal.1972), af-

firmed 484 F.2d 1196, 1198 (9th Cir. 1973).

No federal case has ever directly ruled that such an error is a constitutional one. However, one Ninth Circuit case provides an instructive parallel to the present situation. In Braley v. Gladden, 403 F.2d 858 (9th Cir. 1968), it was held that the failure to inform a jury that they could acquit the defendant by a 10–2 vote amounted to an error of fundamental importance.[1] This decision was put in perspective by a later Ninth Circuit case—one of the elements of due process in a jury trial is that the jury should know that it may acquit the defendant and how it can go about that acquittal. Davis v. Craven, 485 F.2d 1138, 1142 (9th Cir. 1973).

■ Trujillo's case thus is one of those situations where the failure to instruct the jury did amount to a violation of due process. If due process requires that a jury be informed that it *may* acquit a defendant in a certain way, it follows that due process requires that the jury be informed that it *must* acquit the defendant of at least one of the charges against him.

The existence of constitutional error, however, does not automatically require that petitioner be released or re-tried. Stump v. Bennett, *supra*. In fact, this type of error is a prime candidate for correction without retrial.

The main objection to the failure to give the instruction required here is that when there is sufficient evidence to support a conviction on either charge, it is impossible to tell which charge the jury would have chosen. Milanovich v. U. S., *supra*, 365 U.S. at 555–556, 81 S. Ct. 728.[2] This error can be cured by giving a petitioner the benefit of the doubt, vacating the greater sentence, and only requiring him to serve the less-

er sentence. Keating v. U. S., 413 F.2d 1028 (9th Cir. 1969); U. S. v. Lemonakis (appeal of Enten), 485 F.2d 941, 966 (D.C.Cir. 1973), cert. den. sub nom. Enten v. U. S., 415 U.S. 989, 94 S.Ct. 1587, 39 L.Ed.2d 885 (1974). Cf. State v. Fioravanti, 46 N.J. 109, 215 A.2d 16, 25–26 (N.J.1965), cert. den. 384 U.S. 919, 86 S.Ct. 1365, 16 L.Ed.2d 440 (1966) (Error can be cured by vacation of lesser sentence and imposition of greater sentence).

■ In Trujillo's case, the California Court of Appeal determined that there was insufficient evidence to support a jury verdict of guilty on the receiving stolen property charge and vacated that conviction. This left petitioner with a 15 year maximum sentence for second-degree burglary (Cal.Penal Code § 461). While there is no federal case directly on point, Keating v. U. S., *supra,* would seem to support the viability of this procedure. Keating did not automatically receive the lesser sentence—the court first determined that the evidence was sufficient to support that conviction. It would seem to follow that if the evidence did not support one conviction, then that conviction is the one to be vacated.

Petitioner's real quarrel is in fact with the California Court of Appeal's conclusion that there was insufficient evidence on the receiving stolen property charge. The determination of the California Court of Appeal is presumed to be correct in the absence of any allegations sufficient to warrant further inquiry under 28 U.S.C. § 2254(d). See Crow v. Eyman, 459 F.2d 24 (9th Cir. 1972), cert. den. 409 U.S. 867, 93 S.Ct. 163, 34 L.Ed.2d 115 (1972). Any question on the conclusion of the California Court of Appeal determination could have arisen only after the appellate opinion was announced. However, there

---

1. In addition, the jury was provided with a blank form for a guilty verdict but no forms for acquittal.

2. *Milanovich* was also concerned with the uncertainty surrounding the trial judge's imposition of a maximum sentence. Such concern is much less relevant here because Cal-

ifornia judges can *only* impose a maximum sentence. Cal.Penal Code § 1168; In re Lynch, 8 Cal.3d 410, 415–416, 105 Cal.Rptr. 217, 503 P.2d 921 (1972). This factor is still of some concern, however, because which crime is involved may have a bearing on whether the trial judge grants or denies probation.

was no petition for rehearing, and the petition for hearing in the California Supreme Court really raises no clear challenge to the decision that the evidence was insufficient. Any constitutional claim on this point would thus have to be dismissed for failure to exhaust state remedies. Smith v. Cupp, *supra*, 457 F.2d at 1100–1101.

*The Other Issues*

 Finally, the ineffective trial and appellate counsel issues should be dismissed without prejudice for failure to exhaust available state remedies. 28 U.S.C. § 2254(b), (c). The search and seizure issue should be dismissed because petitioner has not supplied any factual allegations to support his claim that the search was illegal. Berry v. People, 363 F.2d 754 (9th Cir. 1966); Ballard v. Nelson, 423 F.2d 71, 73 (9th Cir. 1970).