Filed 1/10/14  In re James J. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re JAMES J., a Person Coming Under the Juvenile Court Law. | |
| | D063949 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J227875) |
| v. | |
| JAMES J., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Browder A. Willis III, Judge.  Affirmed.

Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Quisteen S. Shum, Deputy Attorneys General, for Plaintiff and Respondent.

The juvenile court made a true finding on a petition filed under Welfare and Institutions Code section 602 that James J. (1) unlawfully took and drove a vehicle (Veh. Code, § 10851, subd. (a)); (2) unlawfully received stolen property (Pen. Code, § 496, subd. (d)); and (3) drove a vehicle without a license (Veh. Code, § 12500, subd. (a)). James appeals from the judgment, contending that insufficient evidence supports a finding that he unlawfully took and drove a vehicle and unlawfully received stolen property. He also contends that the trial court improperly shifted the burden of proof to him. We conclude that James's arguments are without merit, and accordingly we affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

On March 15, 2013, while responding to a complaint about a loud party, a police officer discovered that one of the vehicles parked near the party had been reported as stolen. The vehicle was a 2006 Lincoln Town Car that had been taken from a used car lot either late on March 11 or early on March 12, with the thief having apparently gained access to the car keys.

James and another male, M., approached the vehicle while the police officer was investigating. Believing that the vehicle was going to be towed, James and M. asked the officer if there was something wrong with the vehicle and stated that they would like to remove some personal property from inside of it. James's cell phone and backpack were inside the vehicle. When the police officer asked James about his connection to the vehicle, he lied, stating that someone named Jay possessed the vehicle and had given him

2

a ride to the party. M. told the police officer the same false story about Jay giving him a ride. A few minutes later, after additional police questioning, James admitted that he made up the story about Jay, and no such person existed. The key to the vehicle was found in James's pocket.

As James told the police officer, and as he later testified, he first came into contact with the vehicle on March 13 when his friend D. showed it to him. According to James, D. told him that "some girls had gave it to him off the lot." According to James, the girls gave the vehicle to D. because they did not have driver's licenses or know how to drive. D. was a juvenile and did not have a job.

According to James, on March 14, D. and James drove in the car to meet their probation officers. D. was taken into custody by the probation officer and therefore asked James to take possession of the car. James drove the car home, and the next night drove the car to the party. James did not have a driver's license.

A petition was filed alleging that James unlawfully took or drove a vehicle (Veh. Code, § 10851, subd. (a)), unlawfully received stolen property (Pen. Code, § 496, subd. (d)), and drove a vehicle without a license (Veh. Code, § 12500, subd. (a)).

James testified before the trial court and denied knowing or believing that the vehicle was stolen.

The trial court made a true finding on all of the counts alleged against James. In the course of announcing its findings, the court explained that it was undisputed that the vehicle was stolen and that James had driven the vehicle, and thus the only remaining issue was whether James knew the vehicle was stolen. The trial court stated, "Your

3

statement of denial is before the court. So it becomes a question of whether or not the statement of denial is a credible statement. . . . [T]he story about Jay just sticks in my brain as hard to massage and digest. And that coupled with the nuances associated with how [D.] presented the vehicle to you, how you accepted the representation that two girls got it from a lot. . . . But when I piece all the facts together they chip away at your credibility to where I don't find your denial credible. I find the issue of knowledge established."

The trial court continued James as a ward of the court pursuant to Welfare and Institutions Code section 602 and placed him under the supervision of the probation officer.

## II

## DISCUSSION

A. *Substantial Evidence Supports a Finding That James Knew the Vehicle Was Stolen*

James contends that because the People did not establish that he knew the vehicle was stolen, insufficient evidence supports the true findings that he unlawfully took and drove a vehicle and unlawfully received stolen property.

"Our review of the minors' substantial evidence claim is governed by the same standard applicable to adult criminal cases. . . . 'In reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." . . .' . . . '"[O]ur role on appeal is a limited one." . . . Under the substantial evidence rule, we must presume in support of the

4

judgment the existence of every fact that the trier of fact could reasonably have deduced from the evidence. . . . Thus, if the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant reversal of the judgment.'" (*In re V.V.* (2011) 51 Cal.4th 1020, 1026, citations omitted.)

The true findings that James unlawfully took or drove a vehicle and that he unlawfully received stolen property are premised on the trial court's finding that James knew the vehicle was stolen. Specifically, the conviction for unlawfully driving or taking a vehicle (Veh. Code, § 10851) requires a finding that James intended to deprive the owner of title or possession without the owner's consent. "The elements necessary to establish a violation of section 10851 of the Vehicle Code are the defendant's driving or taking of a vehicle belonging to another person, without the owner's consent, and with specific intent to permanently or temporarily deprive the owner of title or possession." (*People v. Green* (1995) 34 Cal.App.4th 165, 180 (*Green*).) "[K]nowledge that the vehicle was stolen" is "one of various alternative factors evidencing an intent to deprive the owner of title and possession." (*Ibid*.) Similarly, the elements of receiving stolen property include "knowledge that the property was stolen." (*People v. Sanchez* (2003) 113 Cal.App.4th 325, 332.)

Therefore, the issue before us is whether substantial evidence supports a finding that James knew the vehicle was stolen. In analyzing that issue, we must necessarily focus on circumstantial evidence. With respect to the crime of receiving stolen property, "[t]he knowledge element of receiving stolen property is normally proved not by direct

5

evidence but by an inference from circumstantial evidence."  (*People v. Alvarado* (1982) 133 Cal.App.3d 1003, 1019.)  "[P]ossession of stolen property, accompanied by no explanation, or an unsatisfactory explanation, or by suspicious circumstances, will justify an inference that the goods were received with knowledge that they had been stolen. Only slight corroboration is necessary to turn the inference into a verdict supported by substantial evidence."  (*People v. Perez* (1974) 40 Cal.App.3d 795, 799.)  "Our Supreme Court has indicated that the slight corroboration that permits an inference that the possessor knew that the property was stolen may consist of no explanation, of an unsatisfactory explanation, or of other suspicious circumstances that would justify the inference."  (*People v. O'Dell* (2007) 153 Cal.App.4th 1569, 1575 (*O'Dell*).)

This principle applies equally to the crime of unlawfully driving or taking a vehicle.  (*O'Dell*, *supra*, 153 Cal.App.4th at p. 1574.)  " 'Specific intent to deprive the owner of possession of his car may be inferred from all the facts and circumstances of the particular case.  Once the unlawful taking of the vehicle has been established, possession of the recently taken vehicle by the defendant with slight corroboration through statements or conduct tending to show guilt is sufficient to sustain a conviction of Vehicle Code section 10851.' "  (*Green*, *supra*, 34 Cal.App.4th at p. 181.)

Here, there is no dispute that the vehicle was stolen.  Therefore, only slight corroboration, based on suspicious circumstances or a false explanation to law enforcement, is necessary to support a finding that James J. knew the vehicle was stolen. As we will explain, ample evidence of suspicious circumstances gave rise to an inference that James J. did not innocently possess the vehicle.

6

First, when confronted by police, James J. gave a false explanation about his connection to the vehicle. Specifically, instead of admitting that he had possession of the vehicle, he fabricated a story that the vehicle belonged to "Jay," who drove him to the party. As noted above, a false explanation by a defendant in possession of a stolen vehicle is sufficient to give rise to an inference that the defendant knew the vehicle was stolen. (*Green*, *supra*, 34 Cal.App.4th at p. 181 [" 'Where recently stolen property is found in the conscious possession of a defendant who, upon being questioned by the police, gives a false explanation regarding his possession . . . an inference of guilt is permissible.' "].)

Second, a reasonable trier of fact could find suspicious circumstances based on James's claim that he did not suspect the vehicle was stolen after D. told him that "some girls," who could not drive, got the vehicle "off of a lot" and then simply gave the car to D. A reasonable trier of fact could conclude that given the explanation proffered by D., James would not actually believe the vehicle was lawfully obtained.

James argues that in light of the fact that he approached the police officers and identified himself as associated with the vehicle, no reasonable trier of fact would infer that James knew the car was stolen. We disagree. Regardless of whether James chose to identify himself to the police, he would have been associated with the vehicle because his cell phone and backpack were inside of it. His purpose in approaching the police appears to have been to try to regain possession of those identifying items. Further, when questioned by police about his connection with the vehicle, James denied that he was in possession of the vehicle and made up a lie about someone named "Jay" owning the car.

7

Under those circumstances, James' decision to approach the police about the vehicle does not preclude a finding that James knew the car was stolen.

In sum, based on the suspicious circumstances surrounding James's possession of the stolen vehicle, we conclude that substantial evidence supports a finding that James knew the car was stolen, and accordingly sufficient evidence supports the true finding that James unlawfully took and drove a vehicle and unlawfully received stolen property.

B.    *The Trial Court Did Not Improperly Shift the Burden of Proof to James to Prove His Innocence*

James contends that the trial court improperly shifted the burden of proof to James to establish his innocence rather than requiring the People to prove the allegations of the petition beyond a reasonable doubt.  (*In re Winship* (1970) 397 U.S. 358, 368 [juveniles, like adults, are constitutionally entitled to proof beyond a reasonable doubt when they are charged with violation of a criminal law].)

James contends that the trial court improperly shifted the burden to James to prove his innocence because it focused on whether it believed James's testimony that he did not know the vehicle was stolen.   James claims that "the trial court went beyond weighing the evidence and instead placed the burden on [James] to prove to the court that [he] was not guilty."  As we will explain, the argument is without merit.

As the trier of fact, the court was entitled to determine James's credibility.  (*People v. Harris* (2013) 57 Cal.4th 804, 849 ["[I]t is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends."].)   As we read the record, in discussing whether it

8

believed James's testimony that he thought the car was lawfully obtained, the trial court was simply explaining its determination on the issue of James's credibility. Contrary to James's argument, we see no reason to conclude that the trial court made a true finding that James unlawfully took and drove a vehicle and unlawfully received stolen property based solely on its rejection of James's denial. Instead, as the trial court explained, its conclusion that James knew the car was stolen was based on the suspicious circumstances surrounding James's possession of the car, namely, the fact that (1) James lied to the police about his connection with the car, and (2) unreasonably claimed to believe the car was lawfully obtained after D. told him that "some girls had gave it to him off the lot." Therefore, instead of placing the burden on James to convince the trial court of his innocence, the trial court properly focused on the evidence presented by the People, consisting of the suspicious circumstances surrounding James's possession of a stolen vehicle, to conclude that James committed the crimes that were alleged against him.

In a variation of his argument about the insufficiency of the evidence, James also contends that the trial court must have shifted the burden of proof to him to prove his innocence because the evidence would otherwise not have supported a true finding against him. Specifically, James argues that because "the trial court rejected the very definitive actions of [James] which demonstrated his lack of awareness of the stolen vehicle, in favor of the speculative 'nuances' of lying to the police officer . . . and how [James] was told by his friend how the car was obtained," the trial court must have held him "to a standard of proving his innocence." We reject this argument for the same reason that we rejected James's challenge to the sufficiency of the evidence. As we have

9

explained, ample circumstantial evidence supports a finding that James knew the car was stolen, and the trial court was within its discretion as the trier of fact to rely on that evidence to make a true finding that James committed the crimes alleged against him.

## DISPOSITION

The judgment is affirmed.


IRION, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.