NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| APRIL ROSIE LOPEZ TREVIZO, | No.  22-16115 |
| Petitioner-Appellant, | D.C. No.<br>1:16-cv-01845-DAD-SKO |
| v. | |
| DEAN BORDERS, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted January 17, 2025**
San Francisco, California

Before:  H.A. THOMAS and MENDOZA, Circuit Judges, and BOLTON,***
District Judge.

April Lopez Trevizo appeals the district court's order denying her federal

petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291,

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

2253(a), review de novo the district court's denial of habeas corpus relief, *Lee v. Thornell*, 118 F.4th 969, 980 (9th Cir. 2024), and affirm.

1.      Trevizo first asserts her counsel rendered ineffective assistance in failing to retain a mental health expert in connection with her guilty plea. A petitioner seeking a federal writ of habeas corpus must first exhaust her state judicial remedies. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The burden to prove exhaustion falls on the petitioner. *Darr v. Burford*, 339 U.S. 200, 218–19 (1950) ("The petitioner has the burden also of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."), *overruled in part on other grounds by Fay v. Noia*, 372 U.S. 391 (1963); *accord Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972). Trevizo did not present an exhaustion theory in her opening brief. While she raised arguments related to exhaustion in her reply brief, these arguments were forfeited. *See Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1146 (9th Cir. 2024) (explaining that an appellant forfeits arguments not raised in the opening brief). Even if not forfeited, her theory of incorporation by reference is invalid under California law. *See Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999). California Rule of Court 8.504(e)(3) prohibits such incorporation, except in limited circumstances not present here.[1]

      Even assuming Trevizo exhausted her claim, it fails on the merits because

---

[1] Trevizo's Motion to Take Judicial Notice (Dkt. 30) is denied.

her counsel was not deficient and because she was not prejudiced due to her counsel's alleged error. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Trevizo has not shown that her counsel had a constitutional duty to retain a mental health expert to assist with communication during the change of plea hearing. Her medical evidence is speculative as to whether an expert would have improved her communications with counsel and the trial judge. *Atwood v. Ryan*, 870 F.3d 1033, 1064 (9th Cir. 2017) ("An argument that counsel could have relied on 'any number of hypothetical experts . . . whose insight might possibly have been useful' is speculative and insufficient to establish that counsel was deficient." (alteration in original) (quoting *Harrington v. Richter*, 562 U.S. 86, 107 (2011))). The record reveals little indication that Trevizo experienced communication or comprehension issues during the change of plea hearing. Nor has Trevizo shown that, had counsel retained a mental health expert in connection with the plea hearing, she "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

2.     Trevizo next asserts her guilty plea was neither knowing nor voluntary. "A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (citation omitted). A fair-minded jurist could conclude that Trevizo

sufficiently understood the plea agreement and its consequences. *See Richter*, 562 U.S. at 101. First, Trevizo's prior experiences with the legal system and with law enforcement suggest she was familiar with the pleading process. At the time of her plea, Trevizo was on probation for multiple burglaries and other crimes to which she had previously pleaded no contest. During the investigation of the underlying and prior burglaries, Trevizo cooperated with law enforcement and provided substantial information about each incident.

Second, Trevizo's claim that her cognitive limitations impaired her communication and comprehension is belied by the plea hearing transcript, which carries "a strong presumption of veracity." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008). Trevizo wore a hearing aid during the hearing and counsel stated she could "hear pretty well." Both Trevizo and her counsel represented that she understood the terms and consequences of the agreement. Counsel twice spoke with Trevizo about the charges, the plea, and the sentence. The trial judge explained the terms of the plea, discussed the elements of each charge, advised Trevizo of her rights, reviewed the evidence, and questioned her at length before finding her plea "knowingly, voluntarily and intelligently entered."

Lastly, Trevizo's medical evidence is not dispositive when considering the record as a whole. An assessment by the Central Valley Regional Center determined that Trevizo was not "mentally retarded" and did not "have a condition

4

closely related to mental retardation." A California Department of Rehabilitation staff member who had worked with Trevizo for years described her as "very bright and capable of adapting" despite having "a serious hearing problem." And a mental health professional previously determined that Trevizo was competent. The district court properly denied Trevizo's federal habeas petition on the merits.

**AFFIRMED.**