[Crim. No. 2908.   Second Appellate District, Division One.—December 15, 1936.]

THE PEOPLE, Respondent, v. LUCIO CUEVAS, Appellant.

Roy J. Farr and Barry Sullivan for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

HOUSER, P. J.—On March 29, 1932, an automobile was stolen. It was not recovered by its owner until more than four years thereafter, to wit, on May 8, 1936. Within less than one month succeeding the latter date, an information was filed against defendant, wherein he was accused, not with the commission of the crime of theft, but that on or about the 20th day of December, 1935, in violation of the provisions of section 503 of the Vehicle Code, defendant "did wilfully, unlawfully and feloniously drive and take" the said automobile without the consent of its owner. Following his conviction and the denial by the trial court of each of defendant's motions in arrest of judgment and for a new trial, he has appealed to this court, not only from the ensuing judgment, but as well, from each of the orders that ensued on the denial of said motions.

On the trial of the action, not only was evidence introduced to the effect that, in substance, defendant had stolen the automobile in 1932, but also, that thenceforward for nearly four years it had been continuously in his possession. By other evidence, more pertinent to the issue, the fact was established that at least on or about the date specified in the information, defendant had unlawfully driven the automobile without the consent of its owner.

On this appeal, appellant's principal point is that the offense of unlawfully driving an automobile without the consent of its owner was barred by the provisions of the three-year statute of limitations (sec. 800, Pen. Code). In that connection, appellant argues that since the prosecution for the theft of the automobile was barred, it should follow that

the offense of unlawfully driving the automobile was likewise barred. But from a consideration of the definition of the crime of theft, as is set forth in section 484 of the Penal Code, it is clear that the offense of unlawfully driving an automobile (sec. 503, Vehicle Code) may be quite distinct from that of stealing one;—consequently, that the assumed fact that on the date when the information was filed in the instant matter, the statute of limitations had run as against a case of theft, would not necessarily be determinative of the charge of unlawfully driving an automobile. It easily might be that some criminally minded person would steal an automobile by the use of means other than by driving it away; for example, either a new automobile, direct from the manufacturer thereof and not yet unloaded from the railroad car upon which it had been transported, or a wrecked automobile, might either be towed, or loaded on a truck. In the instant case, the fact that during the entire period of more than four years that ensued immediately after the automobile was stolen, defendant had it in his possession, would not determine the other fact that he must have driven the automobile either every day, or even on any specified day during that time. Had defendant by auto freight conveyed the stolen automobile directly into a public warehouse, and continuously thereafter for a period of three years not driven it, but following the expiration of such statutory limitation on a prosecution for the theft of the automobile, he then boldly and openly had driven the automobile, it would seem a *"non sequitur"* to assert, unanswerably, that, for the reason that he was legally immune from prosecution for stealing the automobile, he also was exempt from prosecution for illegally driving it.

It is plain that however long defendant might have concealed the automobile, he never could have acquired a legal title to it. If after the automobile had been stolen, and before it had been driven by defendant more than a few feet from the place where it had been left by its owner defendant had been arrested, it is possible that within the principle of law first announced in this state in the case of *People* v. *Shotwell,* 27 Cal. 394, and approved in *People* v. *Clemett,* 208 Cal. 142 [280 Pac. 681], the point here presented by appellant might be tenable. But where, within the actual facts of this case, it appears that the crime of larceny of the automo-

bile had been fully completed, the subsequent act by defendant in driving the automobile without the consent of its owner was entirely separate and disconnected from the original theft of it. Especially considering the two-crime rule that frequently has been applied in the apparently inseparable situation, where in order to commit the crime of larceny of personal property located within a dwelling, a burglarious entry to such dwelling first was effected, it becomes at least impracticable to concur in the argument presented herein to the effect that the stealing of the automobile and its subsequent unlawful driving constituted but one offense. Without the consent of the owner of the automobile, each time that defendant so drove it was in violation of the provisions of the statute. Moreover, the fact that by the language of section 503 of the Vehicle Code the offense is, or the several offenses are, denounced as operative against "any person who drives *or* takes a vehicle not his own", etc., argues against the conclusion for which appellant contends.

The incidental suggestion made by appellant, that the offense is not a "continuous" one, is unnecessary of specific consideration. The established fact that defendant did unlawfully drive the automobile on the date specified in the information is sufficient in itself to bring the act of defendant within the terms of the statute.

The judgment and each of the orders from which the appeal herein is taken are affirmed.

York, J., and Doran, J., concurred.