[No. E013024. Fourth Dist., Div. Two. Nov. 15, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
RICARDO LEVON STRONG, Defendant and Appellant.

**[Opinion certified for partial publication.‡]**

‡Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III, and IV.

## COUNSEL

Francia M. Welker, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General,

Keith I. Motley and Crystal L. Bradley, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION ·

**RAMIREZ, P. J.**—Defendant Ricardo Levon Strong (defendant) was arrested while driving a stolen pickup truck. He was convicted of unlawfully taking or driving a vehicle, and of receiving stolen property.

In this appeal, he contends that:

1. Defendant's conviction of unlawful taking or driving under Vehicle Code section 10851 (section 10851) was not supported by substantial evidence, in that:

    a. There was insufficient evidence that defendant intended to deprive the rightful owner of title or possession.

    b. The conviction was based on unlawful taking rather than unlawful driving; however, there was insufficient evidence that defendant took the pickup.

2. Defendant's conviction of receiving stolen property under Penal Code section 496 (section 496) was not supported by substantial evidence that he knew the pickup was stolen.

3. Defendant could not be convicted of both unlawfully taking and receiving the same stolen vehicle; and the jury should have been so instructed.

4. CALJIC No. 2.90, which the trial court used to instruct the jury concerning reasonable doubt, is unconstitutional.

We find no merit in any of these contentions, and we affirm.

### I.

### *Procedural Background*

On March 3, 1993, defendant was charged by information with one count of unlawful driving or taking of a vehicle (§ 10851) and one count of receiving stolen property (§ 496, subd. (a)). It was alleged for sentence

enhancement purposes that defendant had served a prior separate prison term for a felony (Pen. Code, § 667.5, subd. (b)).

On May 7, 1993, following a jury trial, defendant was found guilty as charged. Defendant admitted the enhancement allegation.

On June 4, 1993, defendant was sentenced to two years, the midterm, on each count, to be served concurrently, plus one year on the enhancement, to be served consecutively, for a total of three years in prison.

Defendant timely filed a notice of appeal.

## II.-IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## V.

### Conviction for Both Unlawful Taking or Driving Under Vehicle Code Section 10851 and Receiving Stolen Property Under Penal Code Section 496

■ Defendant, citing *People* v. *Jaramillo* (1976) 16 Cal.3d 752 [129 Cal.Rptr. 306, 548 P.2d 706], contends that he was improperly convicted both of unlawful taking under section 10851 and receiving stolen property under section 496 as to the same stolen vehicle. Defendant also contends that the trial court erroneously failed to instruct the jury sua sponte that defendant could not be convicted of both taking and receiving the same stolen vehicle.

■ It has long been the rule that a defendant cannot be convicted of stealing and receiving the same property. Originally, this rule was based on a construction of the word "receive": Where the thief is accused of receiving, "the essential element of reception is absent, the spirit and purport of the law implying the necessity of two actors to complete the act of receiving." (*People* v. *Taylor* (1935) 4 Cal.App.2d 214, 219 [40 P.2d 870].)

■ Receiving stolen property is a violation of section 496. That section, however, can also be violated by concealing or withholding stolen property. Semantically, a thief is capable of "concealing" or "withholding." Nevertheless, in *People* v. *Tatum* (1962) 209 Cal.App.2d 179 [25 Cal.Rptr. 832], the court held that a defendant could not be convicted for both stealing and concealing or withholding the same property. It explained: "To conceal

*See footnote, *ante,* page 366.

and withhold is the thief's purpose from the very moment that he gains possession of the property. It is part and parcel of the theft. But such concealment and withholding is not that envisaged by section 496." (*Id.*, at p. 183.) Rather, section 496 "is directed at the traditional 'fence' and at those who lurk in the background of criminal ways in order to provide the thieves with a market or depository for their loot. Such offenses are essentially different from the actual theft of property . . . ." (209 Cal.App.2d at p. 183.)[5] Again, the rule was based on a statutory construction of section 496.

In *People* v. *Marquez* (1965) 237 Cal.App.2d 627 [47 Cal.Rptr. 166], disapproved on other grounds in *People* v. *Ramirez* (1983) 34 Cal.3d 541, 550 [194 Cal.Rptr. 454, 668 P.2d 761], the court held, however, that under section 496 the fact that the defendant was not the thief was not an element of the crime which the People had to prove. "There is not a word in the statute which requires the state to prove affirmatively that the thief was someone other than the defendant." (237 Cal.App.2d at p. 634.) "In many cases, perhaps in most," the prosecution would be unable to prove the negative proposition that the defendant was not the thief, and conviction would be impossible. (*Id.*, at p. 635.) "Difficulty of proof, of course, does not justify court-created bypasses of the constitutionally-guaranteed right of every person accused of crime to have the state prove each element of the crime charged beyond reasonable doubt. The guaranty, however, does not extend to justify court-created elements of crimes not contained in the Legislature's definition of the crime." (*Id.*, at p. 636.) *Marquez* read *Tatum* as standing for the rule "that where it is *affirmatively established* that the defendant *is* the thief he may not be prosecuted under [section 496] if the concealment and withholding of the stolen goods have been a part of his activities connected with the theft." (*Id.*, at p. 634, first italics added, second italics original.)

Finally, in *People* v. *Jaramillo, supra*, 16 Cal.3d 752, upon which defendant relies, the Supreme Court applied the rule that a defendant cannot be convicted of both stealing and receiving in the context of a conviction for unlawful taking or driving under section 10851. Police found the defendant lying in a parked, stolen car, pretending to be asleep. (16 Cal.3d at p. 755.) The Supreme Court held that the defendant could not be convicted under both section 10851 and section 496. It cited *Tatum* and *Marquez* for the "fundamental principle that one may not be convicted of stealing and receiving the same property." (16 Cal.3d at p. 757.)

---

[5]The rule that the thief may not be convicted of receiving, concealing, or withholding the stolen property is subject to several exceptions: (1) when the acts of receiving or concealment are completely divorced from the theft, as where the thief disposes of the property and then, in a separate transaction, receives it again, and (2) when the thief is a co-conspirator of the receiver. (*People* v. *Jaramillo, supra*, 16 Cal.3d at p. 759, fn. 8.) These exceptions are consistent with the rationale for the rule as stated in *Tatum*.

The court noted, however, that section 10851 "prohibits driving as separate and distinct from the act of taking." (16 Cal.3d at p. 759, fn. 6.) "[W]hen an accused is convicted of [theft], which *necessarily* requires a finding that the accused intended to steal, he cannot also be convicted of receiving that same stolen property. If, on the other hand, in convicting an accused of a violation of Vehicle Code section 10851, a jury finds that the accused intended only to temporarily deprive the owner of possession for the purpose of driving a vehicle, then the accused may also be guilty of a violation of section 496 . . . if there is other evidence which establishes the elements of that crime—including evidence of the independent theft of the vehicle and the accused's knowing receipt thereof. When, as here, however, the record does not disclose or suggest what specific findings were made in convicting a defendant of a violation of Vehicle Code section 10851 but it nevertheless appears that the fact finder *may have* found that the defendant intended to steal the vehicle, a second conviction based on a further finding that the defendant received that same stolen property is foreclosed." (16 Cal.3d at pp. 758-759, fns. omitted, italics in original.)

In *Jaramillo*, there was no direct evidence that the defendant either stole or drove the car. The court found that the circumstantial evidence would have supported a conviction based on taking, driving, or both. (16 Cal.3d at p. 760.) Here, by contrast, it was conclusively proven that defendant drove the pickup. There was also substantial, albeit less conclusive, evidence that defendant took the pickup, as discussed in the unpublished part of this opinion. The evidence was consistent either with driving, or with taking and driving; however, no reasonable juror could have found taking alone. The issue before us, then, is whether a defendant convicted under section 10851 based on a finding that he unlawfully drove a vehicle, and perhaps also based on a finding that he unlawfully took the vehicle, can be convicted of receiving or withholding the vehicle under section 496.

Arguably under the above cited cases, the answer would have been no. They held that a thief simply cannot be guilty of receiving, concealing or withholding the stolen property within the meaning of section 496. If it was "affirmatively established" that the defendant was the thief, he or she could not be convicted. (*People* v. *Marquez, supra,* 237 Cal.App.2d at p. 634.) For example, if the statute of limitations had run on the original theft, a defendant charged with receiving the stolen property presumably could have avoided conviction by admitting and proving that he or she committed the time-barred theft. Thus, *Jaramillo* held that dual conviction under both section 10851 and section 496 was forbidden whenever the jury "*may have* found that the defendant intended to steal the vehicle." (16 Cal.3d at p. 759, original italics.) Conversely, such a dual conviction was permissible where

". . . the accused intended *only* to temporarily deprive the owner of possession for the purpose of driving." (*People* v. *Jaramillo, supra,* 16 Cal.3d at p. 758, italics added; see also *People* v. *Black* (1990) 222 Cal.App.3d 523, 525 [271 Cal.Rptr. 771] [defendant was arrested while driving a stolen pickup truck; nevertheless, conviction under both section 10851 and section 496 reversed because ". . . the record did not reflect whether the jury found the defendant had stolen the truck or had merely unlawfully driven it."].)

In sum, the propriety of a dual conviction under both section 10851 and section 496 turned not so much on whether the defendant was guilty of unlawful driving, but rather on whether the defendant was *not* guilty of unlawful taking. Or, as the court put it in *Tatum,* what was crucial was whether the defendant was "guilty as a thief or as a non-thief." (*People* v. *Tatum, supra,* 209 Cal.App.2d at p. 184.) Here, under *Jaramillo,* the jury "may have" found that defendant was the thief who unlawfully took the vehicle; therefore, under the foregoing cases, even though defendant also drove the pickup, he could not be convicted of receiving it.

In 1992, however, the Legislature amended section 496, effective January 1, 1993. (Stats. 1992, ch. 1146, § 1.) Section 496, subdivision (a), now provides that: "A principal in the actual theft of the property may be convicted pursuant to this section. However, no person may be convicted both pursuant to this section and of the theft of the same property." (§ 496, subd. (a).) It is clear that the Legislature intended to change the law. It stated: "It is the intent of the Legislature to provide for the prosecution of principals in the actual theft of the property who continue to possess that property after the statute of limitations has run on the theft of the property." (Stats. 1992, ch. 1146, § 2.) The Legislative Counsel's Digest noted that the new provision "increas[ed] the scope of an existing crime." (Legis. Counsel's Dig., Assem. Bill No. 3326 (1991-1992 Reg. Sess.).)

Therefore, the fact that the defendant stole the property no longer bars a conviction for receiving, concealing or withholding the same property. The thief may be convicted either of the theft or (upon a suitable showing) of receiving, but not both. Here, the fact that the jury may have *found* that defendant unlawfully took the pickup no longer bars his conviction for receiving or withholding the pickup under section 496. Now, under section 496, the question is whether the jury *convicted* defendant of unlawfully taking the pickup—of "theft of the same property." Such a conviction statutorily *would* bar a conviction for receiving or withholding the pickup under section 496.

Defendant was caught driving the pickup. The jury necessarily found him guilty of unlawful driving. This fact, however, is not dispositive; what

matters is whether the driving was part of the theft, or an independent crime. If the evidence showed only one continuous violation of section 10851, in which the driving was part and parcel of the taking, then a conviction for driving *or* taking under section 10851 is a conviction for "theft of the same property" which bars conviction under section 496. If, however, the evidence showed two distinct violations of section 10851—one taking, and one separately chargeable driving—then a conviction based on the unlawful driving is not a conviction for "theft of the same property" and does not bar a conviction for receiving the same vehicle under section 496.[6]

In *Jaramillo*, the court observed that section 10851 "prohibits driving as separate and distinct from the act of taking," citing *People* v. *Malamut* (1971) 16 Cal.App.3d 237, 241- 242 [93 Cal.Rptr. 782] and *People* v. *Cuevas* (1936) 18 Cal.App.2d 151, 153 [63 P.2d 311]. (*People* v. *Jaramillo, supra,* 16 Cal.3d at p. 759, fn. 6.) In *Cuevas*, the defendant was found driving an automobile four years after it had been stolen. He was charged with unlawful driving and taking under the former Vehicle Code section 503, the statutory precursor of section 10851. The defendant argued that a prosecution was barred by the statute of limitations. The court agreed that a prosecution for the original theft was time-barred; it held, however, that the defendant could still be prosecuted for the subsequent driving. "[T]he offense of unlawfully driving an automobile . . . may be quite distinct from that of stealing one." (18 Cal.App.2d at p. 153, citation omitted.) "If after the automobile had been stolen, and before it had been driven by defendant more than a few feet from the place where it had been left by its owner defendant had been arrested, it is possible that . . . the point here presented by appellant might be tenable. But where, within the actual facts of this case, it appears that the crime of larceny of the automobile had been fully completed, the subsequent act by defendant in driving the automobile without the consent of its owner was entirely separate and disconnected from the original theft of it." (*Id.*, at pp. 153-154.)

Similarly, in *Malamut*, the defendant was found driving a car two months after it had been stolen. The court held that he was properly convicted both

---

[6]This analysis parallels that applicable to whether the trial court must instruct the jury to agree unanimously on the act or acts constituting the crime. (See CALJIC No. 17.01.) A unanimity instruction must be given "[w]hen the evidence tends to show a larger number of distinct violations of the charged crime than have been charged." (*People* v. *Avina* (1993) 14 Cal.App.4th 1303, 1309 [18 Cal.Rptr.2d 511].) Thus, if the evidence shows more than one instance of the charged crime—"two or more discrete criminal events"—a unanimity instruction is required. (*People* v. *Perez* (1993) 21 Cal.App.4th 214, 223 [26 Cal.Rptr.2d 691], quoting *People* v. *Davis* (1992) 8 Cal.App.4th 28, 45 [10 Cal.Rptr.2d 381].) On the other hand, no unanimity instruction is required if the evidence shows only one instance of the charged crime—"one discrete criminal event." (21 Cal.App.4th at p. 223.)

for theft and for unlawful taking or driving under section 10851. It cited *People* v. *Kehoe* (1949) 33 Cal.2d 711 [204 P.2d 321], in which the Supreme Court had held that " 'in the absence of any evidence showing a substantial break between [the defendant's] taking and his use of the automobile,' " the defendant could not be convicted of both theft and unlawful taking or driving. (*People* v. *Malamut*, 16 Cal.App.3d at p. 242, quoting *Kehoe*, 33 Cal.2d at p. 715.) In the case before it, however, it found evidence of such a substantial break: A substantial period of time had elapsed between the taking and the use; the defendant was found driving the car in a different location from and "obviously for purposes unconnected with the original taking"; and the defendant had removed the motor and the serial numbers from the car, and switched the license plates and registration slip. (16 Cal.App.3d at p. 242.) It concluded that ". . . the vehicle was not being driven in one continuous journey away from the *locus* of the theft." (*Ibid.*)[7]

Here, as in *Malamut* and *Cuevas*, it appears that when defendant was found driving the pickup, the original crime of taking had long been completed. Four days had elapsed. Defendant was driving the pickup around the Lake Elsinore area, not on a "continuous journey away from the *locus* of the theft." Items Ellsworth had left in the pickup were missing; in their place were cassette tapes, magazines, a blanket, a knife, and a compressed air tank, none of which belonged to Ellsworth. Her ignition key had been placed on an unfamiliar key ring, with a black leather coin holder. From this evidence, it appears that even if defendant originally took the pickup on February 3, 1993, he committed a second offense for which he could have been separately convicted by unlawfully driving it on February 7, 1993. Therefore, his conviction for unlawful driving was no bar to a conviction for receiving or withholding the same pickup on the same date.

■ This brings us to defendant's contention that the jury should at least have been instructed, pursuant to *Jaramillo*, that defendant could not be convicted of taking and receiving the same pickup. In the abstract, defendant's contention has merit. The trial court has a duty to instruct the jury on

---

[7]In *People* v. *Pater* (1968) 267 Cal.App.2d 921 [73 Cal.Rptr. 823], the court held that a defendant could not be convicted of both theft and unlawful taking or driving "so long as defendant retained the original dominion over the [vehicle] obtained by the original theft." (*Id.*, at p. 926.)

In *Kehoe*, one justice, concurring in the judgment, enunciated essentially the same position as *Pater*, and argued that *Cuevas* should be overruled. The majority evidently did not agree. Thus, in *Malamut*, the court "decline[d] to follow *Pater* until such time as our Supreme Court overrules *Cuevas* and . . . *Kehoe* . . . ." (*People* v. *Malamut*, 16 Cal.App.3d at p. 242.) We agree with *Malamut*, and we likewise decline to follow *Pater*.

Indeed, we are constrained to do so by *People* v. *Perez* (1962) 203 Cal.App.2d 397 [21 Cal.Rptr. 422]. There the Fourth District Court of Appeal stated, citing *Cuevas*, that each time the defendant unlawfully drove a stolen car it constituted a separate violation of section 10851. (203 Cal.App.2d at p. 400.)

the general principles of law relevant to the issues raised by the evidence. (See generally, *People* v. *Sedeno* (1974) 10 Cal.3d 703, 716 [112 Cal.Rptr. 1, 518 P.2d 913], disapproved on other grounds in *People* v. *Flannel* (1979) 25 Cal.3d 668, 684-685, fn. 12 [160 Cal.Rptr. 84, 603 P.2d 1].) Thus, the trial court has a duty to instruct the jury sua sponte that it cannot convict the defendant of unlawfully taking and of receiving the same stolen vehicle whenever the pleadings and the evidence raise the possibility of such a prohibited dual conviction. (*People* v. *Black, supra,* 222 Cal.App.3d at p. 525; see *People* v. *Perez* (1974) 40 Cal.App.3d 795, 800 [115 Cal.Rptr. 405].)

There was substantial evidence from which the jury could have found that defendant unlawfully took the pickup. The prosecution refused to elect to proceed exclusively on an unlawful driving theory, and insisted on going to the jury on alternate theories of both unlawful driving and unlawful taking. Arguably, under these circumstances the trial court should have suitably instructed the jury that if it convicted defendant of unlawfully taking the pickup, or of unlawfully driving the pickup as part of the original taking, it could not also convict him of receiving or withholding the pickup.

Any error in the trial court's failure to give such an instruction, however, was harmless beyond a reasonable doubt. (See *Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065]; *People* v. *Wader* (1993) 5 Cal.4th 610, 642 [20 Cal.Rptr.2d 788, 854 P.2d 80] [harmlessness of an instructional error is measured under *Chapman* standard].) Defendant was indisputably driving the pickup when he was arrested. Moreover, no reasonable juror could have found that at the time, defendant was still engaged in the original taking. Thus, even if the jury had been properly instructed, it could and would have entered the same verdict.

## VI.

*Constitutionality of Definition of Reasonable Doubt in CALJIC No. 2.90*

■ Defendant contends that his conviction should be reversed because the definition of reasonable doubt in CALJIC No. 2.90 is unconstitutional under *Cage* v. *Louisiana* (1990) 498 U.S. 39, 40-41 [112 L.Ed.2d 339, 342, 111 S.Ct. 328], and was used by the trier of fact in determining defendant's guilt. The People oppose this argument on the ground that this court is bound by the principles of stare decisis (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]) to follow California Supreme Court precedent upholding the constitutionality of that definition (e.g., *People* v. *Noguera* (1992) 4 Cal.4th 599, 633-634 [15

Cal.Rptr.2d 400, 842 P.2d 1160]). We agree with the People's argument and hold that the definition of reasonable doubt as stated in CALJIC No. 2.90 is constitutional.[8] We also note in support of that holding that the United States Supreme Court recently upheld the constitutionality of that definition of reasonable doubt. (*Victor* v. *Nebraska* (1994) 511 U.S. __ [127 L.Ed.2d 583, 114 S.Ct. 1239].)

## VII.

### DISPOSITION

The judgment is affirmed.

Dabney, J., and Hollenhorst, J., concurred.

---

[8]The California Supreme Court's most recent decision upholding the constitutionality of CALJIC No. 2.90 is *People* v. *Freeman* (1994) 8 Cal.4th 450 [34 Cal.Rptr.2d 558, 882 P.2d 249]. Although the court criticized the wording of the instruction and urged the CALJIC committee to make it more understandable, it reaffirmed that "giving CALJIC No. 2.90 is not error." (*Id.*, at p. 503.)