[No. C028843. Third Dist. Dec. 22, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE WALTER CRATTY, Defendant and Appellant.

## COUNSEL

Rex Williams and Francine R. Adkins Tone, under appointments by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney Genral, Robert R. Anderson, Assistant Attorney General, Stephen G. Herndon and Charles A. French, Deputy Attorneys General, for Plaintff and Respondent.

## OPINION

**DAVIS, J.**—A jury convicted defendant, George Walter Cratty, of taking or driving a vehicle without consent in violation of Vehicle Code section 10851, subdivision (a) (hereafter, section 10851(a)) and of receiving stolen property in violation of Penal Code section 496, subdivision (a) (hereafter section 496(a)).

On appeal, defendant contends that his convictions should be reversed because he was convicted of stealing and receiving the same property. We disagree and affirm, because it is indisputable that defendant was convicted of (nontheft) unlawful driving under section 10851(a). Accordingly, that conviction can stand with his receiving stolen property conviction.

### BACKGROUND

The essential facts of this case are undisputed. On September 13, 1997, California Highway Patrol Officer William Inskip observed a Mazda car speeding on Eight Mile Road in San Joaquin County. Inskip stopped the car and identified the driver as defendant. Inskip asked defendant to produce his license and registration. Defendant replied that he did not have these items. He stated that he was working on the car for a friend named "Eric." Upon

checking the vehicle identification number, Inskip discovered that the car had been reported stolen in Stockton roughly eight months earlier, on January 24, 1997. Inskip arrested defendant. Upon inspecting the vehicle, Inskip found a wallet on the floor containing defendant's driver's license and the vehicle's registration.

The information charged defendant with "unlawful driving or taking of a vehicle in violation of section 10851(a) of the Vehicle Code," and "receiving stolen property in violation of section 496(a) of the Penal Code."[1] The jury convicted defendant of "unlawful driving or taking of a vehicle" and "receiving stolen property."

## DISCUSSION

■ Defendant contends that he was improperly convicted of stealing and of receiving the same property contrary to the common law rule prohibiting such dual convictions, as set forth in *People v. Jaramillo* (1976) 16 Cal.3d 752 [129 Cal.Rptr. 306, 548 P.2d 706] (*Jaramillo*). Defendant argues that because the jury may have convicted him under the "taking" provision of section 10851(a), *Jaramillo* forecloses a conviction for receiving the same stolen property. The Attorney General responds that the convictions are proper under *Jaramillo* because the jury convicted defendant under the driving provision of section 10851(a).

In *Jaramillo*, the defendant was found hiding and feigning sleep in a car that had been stolen 12 days earlier. (*Jaramillo, supra*, 16 Cal.3d at p. 755.) A military base pass was found inside the car with the defendant's name on it. (*Ibid.*) The defendant was arrested and charged with three offenses: grand theft auto (now Pen. Code, § 487, subd. (d)); unlawfully driving or taking a vehicle (§ 10851); and receiving stolen property (§ 496, subd. 1, now subd. (a)). (16 Cal.3d at p. 756.) The jury convicted the defendant of "driving or taking" a vehicle, in violation of section 10851, and receiving stolen property, in violation of section 496. (16 Cal.3d at p. 756.)

---

[1]Section 10851(a) provides in part: "Any person who *drives or takes* a vehicle not his or her own, without consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . is guilty of a public offense . . . ."

Section 496(a), provides: "Every person who buys or receives any property that has been stolen . . . knowing the property to be so stolen . . . or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen . . . shall be punished by imprisonment in a state prison, or in a county jail for not more than one year. . . .

"A principal in the actual theft of the property may be convicted pursuant to this section. However, no person may be convicted both pursuant to this section and of the theft of the same property."

The Supreme Court in *Jaramillo* reversed these two convictions (and allowed the prosecution to retry the defendant or accept only the section 10851 conviction). (16 Cal.3d at p. 760.) The court relied on the common law "fundamental principle" barring convictions for both stealing and receiving the same property. (*Id.* at p. 757.) The court held that these two convictions were improper because the record did not reveal whether the jury convicted the defendant under the "taking" or the (nontheft) "driving" provision of section 10851. (16 Cal.3d at pp. 758-759.) The court found the circumstantial evidence would have supported a conviction based on taking, driving, or both. (*Id.* at p. 760.) Specifically, the court concluded that: "When . . . the record does not disclose or suggest what specific findings were made in convicting a defendant of a violation of Vehicle Code section 10851 but it nevertheless appears that the fact finder *may have* found that the defendant intended to steal the vehicle, a second conviction based on a further finding that the defendant received that same stolen property is foreclosed." (*Id.* at p. 759, italics in original, fn. omitted.)

On the other hand, the court in *Jaramillo* noted that dual convictions may be permissible when the record discloses that the jury found the defendant unlawfully drove the stolen vehicle, because section 10851 "prohibits driving as separate and distinct from the act of taking." (16 Cal.3d at pp. 758-759, fn. 6.) In *Jaramillo*, however, because there was no direct evidence of driving or taking, the court found that it was "not possible . . . to determine which combination of proscribed conduct and intent resulted in the finding of guilt . . . ." (*Id.* at pp. 757-758.) Therefore, the *Jaramillo* court concluded, the dual convictions could not "stand together." (*Id.* at p. 760.)

Unlike in *Jaramillo*, in the present case it is undisputed that defendant drove a vehicle that had been stolen months before. In light of this undisputed evidence, the jury must have at least found that defendant violated the (nontheft) "driving" provision of section 10851(a). Here, no reasonable juror could have found that defendant took but did not drive the vehicle. We are therefore unconcerned with whether the jury "may have" also found that defendant stole the vehicle in question.

Further support for this view is found in a 1992 amendment to the receiving statute, section 496(a). That amendment expressly allows the actual thief to be convicted of unlawful receiving. The amendment provides in relevant part: "A principal in the actual theft of the property may be convicted pursuant to this section. However, no person may be convicted both pursuant to this section and of the theft of the same property." (Stats. 1992, ch. 1146, § 1, p. 5374.)

This amendment dispensed with an argument derived from a stretch of the "may have" language in *Jaramillo*. The argument was that if the facts showed in any substantive sense that a defendant was the thief—even though he had not been convicted as a thief—he could not be convicted under section 496 regarding the same property. (See *People v. Strong* (1994) 30 Cal.App.4th 366, 372-373 [35 Cal.Rptr.2d 494]; *People v. Marquez* (1965) 237 Cal.App.2d 627, 634 [47 Cal.Rptr. 166].)

Although we have noted that this amendment "codifie[s]" the common law rule precluding theft and receiving *convictions* (*People v. Carr* (1998) 66 Cal.App.4th 109, 112, fn. 2 [77 Cal.Rptr.2d 639]), it nevertheless expressly allows the actual thief to be convicted of unlawful receiving. In fact, our Supreme Court recently observed that under the 1992 amendment a receiving conviction is not precluded even where the evidence shows beyond a reasonable doubt that a defendant is the thief. (See *People v. Allen* (1999) 21 Cal.4th 846, 857 [89 Cal.Rptr.2d 279, 984 P.2d 486].)

The decision in *People v. Strong, supra,* 30 Cal.App.4th 366, involves facts similar to those before us, and its analysis is instructive. In *Strong,* the defendant was arrested while driving a vehicle reported stolen four days earlier. (*Id.* at p. 375.) The defendant was charged and convicted, like the defendant here, of unlawfully "driving or taking" a vehicle pursuant to section 10851 and of unlawfully receiving stolen property pursuant to section 496(a). (30 Cal.App.4th at pp. 369-370.) The defendant in *Strong* appealed, claiming that his convictions violated the common law rule barring these dual convictions. (*Id.* at p. 369.)

Contrasting *Jaramillo,* the court in *Strong* framed the issue before it as follows: "In *Jaramillo,* there was no direct evidence that the defendant either stole or drove the car. The court found that the circumstantial evidence would have supported a conviction based on taking, driving, or both. (16 Cal.3d at p. 760.) Here, by contrast, it was conclusively proven that defendant drove the pickup. There was also substantial, albeit less conclusive, evidence that defendant took the pickup . . . . The evidence was consistent either with driving, or with taking and driving; however, no reasonable juror could have found taking alone. The issue before us, then, is whether a defendant convicted under section 10851 based on a finding that he unlawfully drove a vehicle, and perhaps also based on a finding that he unlawfully took the vehicle, can be convicted of receiving or withholding the vehicle under section 496." (30 Cal.App.4th at p. 372.)

The court in *Strong* affirmed the section 10851 and section 496 convictions. The court concluded that a conviction for unlawful *driving* under

section 10851 is not a conviction for *theft* of the same property when the facts show the driving was distinct from the theft. The court found determinative the fact that the defendant indisputably was caught driving the pickup in an act independent of the vehicle's taking. (*People v. Strong, supra,* 30 Cal.App.4th at pp. 372-376.)

The court in *Strong* reasoned that because "section 10851 'prohibits driving as separate and distinct from the act of taking,' " an unlawful driving conviction can coexist with a receiving conviction. (30 Cal.App.4th at p. 374, quoting *Jaramillo, supra,* 16 Cal.3d at p. 759, fn. 6.) Although the jury could have found that the defendant took the pickup, said *Strong,* it necessarily found that he drove it in an act distinct from the taking. (*Id.* at pp. 375-376.) As the *Strong* court observed, its conclusion does not violate the common law rule, because, under these circumstances, "a conviction based on the unlawful driving is not a conviction for 'theft of the same property.' " (*Id.* at p. 374 [citing § 496(a)].)

We find *Strong*'s analysis on this point persuasive, and adopt it here. In this case it is undisputed that defendant was caught driving a car that had been reported stolen roughly eight months before. The jury necessarily found that he drove the car in an act distinct from the taking. Thus, the jury necessarily found defendant violated the (nontheft) driving provision of section 10851(a). His conviction under that section was not, therefore, a conviction for theft. Thus, defendant's dual convictions under section 10851(a) and section 496(a) are permissible and do not violate the common law rule.

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Raye, J., concurred.