Filed 12/15/21  P. v. Jones CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>CHANGA JONES,<br><br>  Defendant and Appellant. | 2d Crim. No. B306128<br>(Super. Ct. No. NA036778)<br>(Los Angeles County) |

Changa Jones appeals the denial of his petition for resentencing under Penal Code section 1170.126, the Three Strikes Reform Act.[1]  We affirm.

### FACTS

Danny Mosley, a Montebello automobile detailer, hired Jones.  It was a bad employment decision.  On the same morning he hired Jones, Jones left the business with a car without permission.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

Mosley found Jones driving the car in Long Beach. He told Jones nothing would happen if he returned the car. Jones replied that he was going home and drove away. Mosley called the police who took up the chase.

In an attempt to elude the police, Jones drove at speeds in excess of 70 miles per hour. He hit a police van, but drove on. Later he failed to negotiate a left turn, jumped the curb, and hit a building. He proceeded down a crowded sidewalk at speeds nearing 50 miles per hour. He nearly struck a number of pedestrians before killing Ricard Nolbert.

The chase ended when Jones hit a parked van, setting off the car's airbags. Jones abandoned the car and fled on foot before he was arrested.

*Conviction and Sentence*

A jury found Jones guilty of evading the police causing death (Veh. Code, § 2800.3), a serious felony; driving or taking a vehicle without consent (*id.*, § 10851, subd. (a)); and hit and run causing death (*id.*, § 20001, subd. (a)). The trial court found that Jones had suffered two prior strikes (residential burglary) within the meaning of the "Three Strikes" law (§§ 667, subd. (e), 1170.12, subd. (c)), and that he had suffered a prior prison term (§ 667.5, subd. (b)).

The trial court sentenced Jones to 25 years to life for evading the police causing death, a consecutive 25 years to life for taking or driving a vehicle without consent, plus one year for the prior prison term for a total of 51 years to life. The court stayed the hit-and-run count under section 654.

*Section 1170.126 Petition*

Jones filed a petition for resentencing pursuant to section 1170.126 on the taking or driving without consent count. The

trial court denied the petition on the ground that Jones was armed with a deadly weapon, the car, during the commission of the offense.

DISCUSSION

I

*Sufficiency of the Evidence*

Jones contends there is insufficient evidence to support the trial court's finding that he was armed with a deadly weapon during the commission of the offense.

In 2012, the electorate enacted section 1170.126 as part of Proposition 36, the Three Strikes Reform Act. The purpose of the act is to exempt certain third strike nonviolent and nonserious offenses from the imposition of a life sentence under the three strikes law. (See *People v Brimmer* (2014) 230 Cal.App.4th 782, 791.) Instead, the nonviolent or nonserious offense will be sentenced as a second strike. (*Ibid.*) The act allows a prisoner who has already been sentenced to a life sentence for a nonviolent or nonserious offense as a third strike to petition to be resentenced as a second strike. (*Id.* at pp. 791-792.)

A defendant is not eligible for relief under section 1170.126 if he is armed with a deadly weapon "[d]uring the commission of the current offense." (§§ 1170.12, subd. (c)(2)(C)(iii), 667, subd. (e)(2)(C)(iii), 1170.126, subd. (e)(2).) "During the commission of the offense" requires a temporal nexus between the arming and the underlying felony. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 284.) It does not require that the deadly weapon be used to facilitate the felony. (*Id.* at pp. 283-284.)

The exclusion from relief under section 1170.126 applies to defendants who are armed with weapons that are not deadly per se, so long as the objects are "used in a manner capable of

3.

producing and likely to produce great bodily injury." (*People v. Perez* (2018) 4 Cal.5th 1055, 1068.)  A defendant's use of a vehicle in a manner likely to produce great bodily injury during the commission of the offense is sufficient to render the defendant ineligible for relief under section 1170.126.  (*Id.* at p. 1065.)

The prosecution has the burden of proof to prove beyond a reasonable doubt that the defendant is ineligible for relief under section 1170.126.  (*People v. Frierson* (2017) 4 Cal.5th 225, 235.)  We review the trial court's determination for substantial evidence.  (*People v. Guilford* (2014) 228 Cal.App.4th 651, 661.)

Here Jones was convicted of driving or taking a vehicle without the consent of the owner.  (Veh. Code, § 10851.)  He was armed with a vehicle at the time he was driving and was driving the vehicle in a manner capable of and likely to produce great bodily injury.  It is incontrovertible that he was armed with a deadly weapon during the commission of the crime of driving a vehicle without the owner's consent.

Jones argues that the taking of the vehicle and driving to avoid the police were two separate acts.  (Citing *People v. Strong* (1994) 30 Cal.App.4th 366; *People v. Garza* (2005) 35 Cal.4th 866, 880 [a defendant who steals a vehicle and continues to drive it after the theft is complete commits separate and distinct violations of section 10851].)  But whether Jones intended to steal the car or just drive it, he violated section 10851.  (*People v. Calistro* (2017) 12 Cal.App.5th 387, 395 [section 10851 can be violated in two ways by theft or by driving].)  No matter how Jones tries to divide his activities, he cannot escape that he drove a car without the owner's consent while armed with a deadly weapon.

4.

The evidence shows Jones is not entitled to relief under section 1170.126.

II

*Section 667.5*

Jones contends the one-year enhancement for a prior prison term under section 667.5 must be stricken. He claims he is entitled to the benefit of a change in the law.

Effective January 1, 2020, section 667.5, subdivision (b) was amended to apply only to a defendant who served a prior prison term for a sexually violent offense. (Stats. 2019, ch. 590, § 1.) Jones's prior prison term was for burglary, not a violent sexual offense.

The benefit of a change in legislation applies retroactively only to judgments that are not final on the date the change becomes effective. (*People v. Brown* (2012) 54 Cal.4th 314, 323.)

Jones's judgment became final in June 2002. Jones argues his judgment is not final because this case is currently pending before this court. But if all it takes to change a judgment from final to not final is an unmeritorious petition for resentencing, no judgment would ever be final.

Jones argues that not giving him the benefit of a change in law violates equal protection. As a threshold for establishing an equal protection violation, Jones must show the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. (*People v. Guzman* (2005) 35 Cal.4th 577, 591-592.) Jones has failed to make the required showing. Those whose judgments are final are not similarly situated with those whose judgments are not final. The state has an interest in the finality of litigation by treating judgments as final.

5.

DISPOSITION

The judgment (order) is affirmed.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

William C. Ryan, Judge

Superior Court County of Los Angeles

_____

Linda L. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven E. Mercer and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.